UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| IN RE APPLICATION OF THE UNITED STATES OF AMERICA FOR AN ORDER PURSUANT TO 18 U.S.C. § 3512<br><br>Request from Germany for Assistance in a Criminal Matter:    Bank and Business Records | Case: 1:18-ml-00626<br>Assigned To : Meriweather, Robin M.<br>Assign. Date : 9/4/2018<br>Description: Misc.    (UNSEALED) |

DOJ Reference Number: CRM-182-62730

APPLICATION OF THE UNITED STATES
FOR AN ORDER PURSUANT TO 18 U.S.C. § 3512

The United States of America, moving by and through its undersigned counsel, respectfully submits this ex parte application for an Order, pursuant to 18 U.S.C. § 3512, appointing the undersigned attorney, Erica O'Brien Waymack, Trial Attorney, Office of International Affairs, Criminal Division, U.S. Department of Justice (or a substitute or successor subsequently designated by the Office of International Affairs), as a commissioner to collect evidence from witnesses and to take such other action as is necessary to execute a request for assistance in a criminal matter from Germany. In support of this application, the United States asserts:

RELEVANT FACTS

1.   On February 20, 2018, the German Federal Office of Justice submitted a request for assistance (hereinafter, the "Request") to the United States, pursuant to the Treaty Between the United States of America and the Federal Republic of Germany on Mutual Legal Assistance in Criminal Matters, U.S.-F.R.G., Oct. 14, 2003, S. TREATY DOC. NO. 108-27 (2004), as supplemented by the Supplementary Treaty to the Treaty Between the United States of America

and the Federal Republic of Germany on Mutual Legal Assistance in Criminal Matters, U.S.-F.R.G., April 18, 2006, S. TREATY DOC. NO. 109-13 (2006) (hereinafter, the "Treaty"). As stated in the Request, the Hildesheim Public Prosecution Office is investigating fraud offenses, which occurred between on or about June 1, 2009, and December 7, 2012, in violation of the criminal law of Germany, specifically, Section 263 of the German Criminal Code. A copy of the applicable law is included as Attachment A to this application. Under the Treaty, the United States is obligated to render assistance in response to the Request.

2.  According to German authorities, beginning in approximately June of 2009, Reinhardt Birkner (hereinafter, "Birkner") and Klaus-Dieter Anton (hereinafter, "Anton") solicited individuals to invest in a company known as "HBW Finanz AG" (hereinafter, "HBW"). Birkner and Anton allegedly informed the investors that the term of investment was one year, and that the investors would be paid a return of 8.5% plus an unspecified bonus. The investors deposited their payment into a Deutsche Bank account managed by an HBW attorney. Following the conclusion of the one-year term, the investors received a letter from HBW indicating that their funds would be imminently disbursed, but no actual disbursement followed.

3.  Following the filing of a criminal complaint and the initiation of a formal investigation, German authorities ascertained, through an analysis of HBW's Deutsche Bank accounts, that HBW conducted no legitimate business or investment and that the funds deposited into the account by the investors were spent on personal expenses or transferred to American and Swiss bank accounts. Between June 1, 2009 and December 7, 2012, approximately €1,256,512 (equivalent to approximately $1,470,000 USD) was deposited into HBW's account by approximately 54 investors who never received any payment from HBW.

4.  An analysis of HBW's Deutsche Bank account records revealed that

approximately €552,293.49 (equivalent to approximately $646,000 USD) was transferred from the Deutsche Bank a company referred to as "US Corporation Services," with account number XXXXXX9920 at Wells Fargo, N.A, in the United States. Approximately €65,960.50 (equivalent to approximately $77,000 USD) was later transferred from US Corporation Services back to the Deutsche Bank account. Records analysis further revealed that "Star Gate Capital Corp.," a company registered in California, was listed as the beneficiary of the Deutsche Bank account, with Bengt. I. Stenbock as its registered agent.

5. During the course of the investigation, German authorities also ascertained that Anton allegedly serves as vice president of a company referred to as "Euro-American Investment Group," registered in Oregon. The named president of Euro-American Investment Group is co-conspirator Thomas Beermann-Wiegmann (hereinafter, "Beermann-Wiegmann"). Anton is also listed as the president of a company referred to as "First Bancorp of Commerce, Inc.," registered in Arkansas. During a search of Beermann-Wiegmann's residence, German authorities recovered a financial document showing a payment of €4,500 with a reference to "First Bancorp."

6. To further the investigation, German authorities have asked U.S. authorities to provide (1) records pertaining to account number XXXXXX9920 at Wells Fargo, N.A, and (2) business records related to US Corporation Services, Star Gate Capital Corp., Euro-American Investment Group, and First Bancorp of Commerce, Inc.

## LEGAL BACKGROUND

### The Treaty

7. A treaty constitutes the law of the land. U.S. Const. art. VI, cl.2. The provisions of a treaty have equal footing with acts of Congress and are binding on the courts. See Asakura

v. City of Seattle, 265 U.S. 332, 341 (1924); United States v. the Peggy, 5 U.S. 103 (1801); United States v. Emuegbunam, 268 F.3d 377, 389 (6th Cir. 2001). The provisions of a treaty should be construed liberally "to give effect to the purpose which animates it." United States v. Stuart, 489 U.S. 353 (368) (1989) (internal quotation marks omitted). To the extent that the provisions of a treaty are inconsistent with a preexisting statutory provision, the treaty supersedes the statute. Zschernig v. Miller, 389 U.S. 429, 440-41 (1968).

8. The United States and Germany entered into the Treaty to "provide . . . more effective cooperation between the two States in the repression of crime[.]" Treaty pmbl. The Treaty obligates each state, upon request, to provide assistance to the other in criminal investigations and proceedings, including assistance in serving documents, obtaining testimony, statements, and records, and executing searches and seizures. Article 1. In addition, the Treaty, like 18 U.S.C. § 3512, authorizes federal courts to use compulsory measures to further the execution of such requests. Article 19(3) ("The courts . . . shall have . . . authority to issue such orders . . . as are necessary to execute the request.").

18 U.S.C. § 3512

9. When executing a treaty or non-treaty request for assistance from a foreign authority, an attorney for the government may file an application to obtain any requisite court orders under 18 U.S.C. § 3512. This section authorizes a federal court to issue such orders and provides in pertinent part:

> Upon application, duly authorized by an appropriate official of the Department of Justice, of an Attorney for the Government, a Federal judge may issue such orders as may be necessary to execute a request from a foreign authority for assistance in the investigation or prosecution of criminal offenses, or in proceedings related to the prosecution of criminal offenses, including proceedings regarding forfeiture, sentencing, and restitution.

\*     \*     \*

> [A]n application for execution of a request from a foreign authority under this section may be filed . . . in the District of Columbia.
>
> *                    *                    *
>
> The term "foreign authority" means a foreign judicial authority, a foreign authority responsible for the investigation or prosecution of criminal offenses or for proceedings related to the prosecution of criminal offenses, or an authority designated as a competent authority or central authority for the purpose of making requests for assistance pursuant to an agreement or treaty with the United States regarding assistance in criminal matters.

18 U.S.C. § 3512(a)(1), (c)(3), (h)(2).

10. Congress enacted this section to make it "easier for the United States to respond to [foreign] requests by allowing them to be centralized and by putting the process for handling them within a clear statutory scheme." 155 Cong. Rec. 6,810 (2009) (statement of Sen. Whitehouse); Foreign Evidence Request Efficiency Act of 2009, Pub. L. No. 111-79, 123 Stat. 2086.[1] This section provides clear authority for the federal courts, upon application duly authorized by an appropriate official of the Department of Justice, to issue orders which are necessary to execute a foreign request.

11. An application is duly authorized by an appropriate official of the Department of Justice when the Office of International Affairs, Criminal Division, U.S. Department of Justice, has reviewed and authorized the request, and executes the request itself or delegates execution to another attorney for the government.[2] Upon such a duly authorized application, Section 3512

---

[1] Prior to the enactment of 18 U.S.C. § 3512, the United States routinely utilized the procedures authorized by 28 U.S.C. § 1782 (the "commissioner" process) to execute requests from foreign authorities. See In re Request from the United Kingdom, 685 F.3d 1, 11 (1st Cir. 2012) (18 U.S.C. § 3512 provides a more streamlined process than 28 U.S.C. § 1782, the statute under which foreign requests were previously executed); see also Intel Corp. v. Advanced Micro Devices, Inc., 542 U.S. 241, 247-49 (2004) (describing history of Section 1782). When enacting Section 3512, Congress anticipated that improved U.S. handling of foreign requests would ensure reciprocity in response to U.S. requests for assistance in its criminal investigations. See, e.g., 155 Cong. Rec. 10,093 (2009) (statement of Rep. Schiff).

[2] The Attorney General, through regulations and Department of Justice directives, has delegated to the

authorizes a federal judge[3] to issue "such orders as may be necessary to execute [the] request," including: (1) search warrants under Fed. R. Crim. P. 41; (2) orders for electronic records under 18 U.S.C. § 2703; (3) orders for pen registers or trap and trace devices under 18 U.S.C. § 3123; and (4) orders appointing a person to direct the taking of testimony or statements and/or the production of documents or other things. See 18 U.S.C. § 3512(a)(1)-(b)(1). In addition, a federal judge may prescribe any necessary procedures to facilitate the execution of the request, including any procedures requested by the foreign authority to facilitate its use of the evidence. See In re Letter of Request from the Crown Prosecution Service of the United Kingdom, 870 F.2d 686, 693 (D.C. Cir. 1989) (court has discretion in prescribing procedures to be followed in executing foreign request under 28 U.S.C. § 1782); cf. White v. National Football League, 41 F.3d 402, 409 (8th Cir. 1994) (court may issue process necessary to facilitate disposition of matter before it); Fed. R. Crim. P. 57(b).

12. Section 3512 also authorizes any person appointed to direct the taking of testimony or statements and/or the production of documents or other things to: (1) issue an order requiring a person to appear and/or produce documents or other things; (2) administer any necessary oaths; (3) take testimony or statements; and (4) take receipt of documents or other things. 18 U.S.C. § 3512(b)(2). In ordering a person to appear and/or produce documents or other things, the person appointed, commonly referred to as the "commissioner," typically uses a subpoena entitled "Commissioner Subpoena." Any such subpoena or any other order, subject to subsection d, may be served or executed anywhere in the United States. 18 U.S.C. § 3512(f). A

---

Office of International Affairs the authority to serve as the "Central Authority" under treaties and executive agreements between the United States and other countries pertaining to mutual assistance in criminal matters. See 28 C.F.R. 0.64-1, 0.64-4, and Appendix to Subpart K, Directive Nos. 81A and 81B.

[3] The term "federal judge" includes a magistrate judge. See 18 U.S.C. § 3512(h)(1) and Fed. R. Crim. P. 1(b)(3)(B) (including magistrate judge in the definition of federal judge).

copy of a "Commissioner Subpoena" is included as Attachment B.

## REQUEST FOR ORDER

13. The Office of International Affairs has reviewed and authorized the Request, and is executing the Request itself. Consequently, this application for an Order appointing the undersigned attorney as a commissioner to collect evidence from witnesses and to take such other action as is necessary to execute the Request has been "duly authorized" within the meaning of Section 3512. In addition, the Request was submitted by an appropriate "foreign authority," i.e., the German Federal Office of Justice, the Central Authority in Germany for requests made pursuant to the Treaty, and seeks assistance in the investigation of fraud, a criminal offense in Germany. Furthermore, the requested Order is necessary to execute the Request, and the assistance requested, i.e., bank and business records, falls squarely within that contemplated by both the Treaty and Section 3512. Finally, this application was properly filed in the District of Columbia.

14. This application is being made ex parte, consistent with the United States' practice in its domestic criminal matters. Both Section 3512 and the Treaty authorize the use of compulsory process in the execution of treaty requests comparable or similar to that used in domestic criminal investigations or prosecutions. Because subpoenas utilized in U.S. criminal proceedings (i.e., grand jury and criminal trial subpoenas) are issued without notice to any person other than the recipient (i.e., no notice to targets or defendants), orders and commissioner subpoenas issued in execution of a treaty request pursuant to Section 3512 and the applicable treaty likewise should require no notice other than to the recipients. This is true even if the Requesting State, as here, seeks financial records, because the Right to Financial Privacy Act, 12 U.S.C. §§ 3401 et seq., including its notice provisions, does not apply to the execution of foreign

requests for legal assistance. Young v. U.S. Dept. of Justice, 882 F.2d 633, 639 (2d Cir. 1989), cert. denied, 493 U.S. 1072 (1990); In re Letters of Request from the Supreme Court of Hong Kong, 821 F. Supp. 204, 211 (S.D.N.Y. 1993); In re Letter of Request for Judicial Assistance from the Tribunal Civil de Port-Au-Prince, Republic of Haiti, 669 F. Supp. 403, 407 (S.D. Fla. 1987). Accordingly, this Court should authorize a commissioner to collect the evidence requested without notice to any person other than the recipient(s) of the commissioner subpoena(s).

15.  Therefore, the United States respectfully requests that this Court issue the attached Order, pursuant to 18 U.S.C. § 3512, appointing the undersigned attorney, Erica O'Brien Waymack, Trial Attorney, Office of International Affairs (or a substitute or successor subsequently designated by the Office of International Affairs) as a commissioner and authorizing the undersigned to take the actions necessary, including the issuance of a commissioner subpoena(s), to obtain the evidence requested in a form consistent with the intended use thereof.

Respectfully submitted,

VAUGHN A. ARY
DIRECTOR
OFFICE OF INTERNATIONAL AFFAIRS
OK Bar Number 12199

By: *[signature]*
Erica O'Brien Waymack
Trial Attorney
N.Y. Attorney Registration No. 4912812
Office of International Affairs
Criminal Division, Department of Justice
1301 New York Avenue, N.W., Suite 800
Washington, D.C. 20530
(202) 514-9845 telephone
(202) 514-0080 facsimile
Erica.O'Brien.Waymack@usdoj.gov